### 1887. STRICKLAND *v.* THE STATE.

HILL, C. J. 1. Section 1030 of the Penal Code as amended by the act of 1897 (Acts of 1897, p. 41) reads as follows: "Judges shall give written charges on request. The judges of the superior, city and county courts shall, when the counsel for either party request it before argument begins, write out their charges and read them to the jury, and it shall be error to give any other additional charge than that so written and read." In this case a timely written request in strict conformity to this statute was made by the attorney for the defendant and wholly disregarded, and an oral charge delivered. Reversal necessarily results from this refusal of the court to comply with the mandatory terms of the statute.

2. The assignments of error contained in the 7th, 8th, 10th and 12th grounds of the motion for a new trial are meritorious, and a new trial should have been granted on each one of them.          *Judgment reversed.*

Indictment for selling liquor, from city court of Cartersville—Judge Foute. April 24, 1909.

Submitted July 20,—Decided July 31, 1909.

A witness for the prosecution testified that he bought whisky from the defendant at one Erwin's shop. On cross-examination,

upon stating that he worked at the Park hotel, he was asked by counsel for the defendant if there were not whisky bottles under the cellar. there. The court, in objection by the prosecuting attorney, said, "We are not trying this witness," and refused to allow the question. In the 7th ground of the motion for a new trial this ruling is assigned as error, because it unduly restricted counsel for the defendant in his right to sift the witness on cross-examination.

A witness testified, that he generally staid at the wagon yard around Erwin's shop, and had never seen the defendant dealing in whisky; that he had an opportunity to see it if it had been done, and thought he would have known it. The court thereupon remarked: "That is all unnecessary and indefinite; he might have sold a barrel a week, and he wouldn't have known anything about it." In the 8th ground of the motion for a new trial it is alleged that this remark was improper and hurtful to the defendant; that its effect was "to disparage the weight and value of the evidence of the witness by thus expressing an opinion as to the probative value of the evidence; which was contrary to law."

The 10th ground is as follows: "Because the court erred in allowing the witness for the State, John Spence, to testify, over the objection of defendant, to a conversation which occurred between said witness and Jim Smith, the deputy sheriff and jailer of Bartow county, Ga., and the State's witness Sheridan Foster, when said Foster was first arrested, not in the presence or hearing of Lewis Strickland, as follows: 'Sheridan Foster told me and Mr. Smith that he went and got the liquor for a drummer, and he got it from Strickland [the defendant]. We had Foster arrested then. He made bond. We arrested Lewis Strickland.' The ground of objection being that the statements of Sheridan Foster could not be sworn to by anybody at all. The solicitor for the State made the following statement: 'It is all immaterial, but he asked about it himself. Mr. Conyers drew out here about his conversation, and about what was said then, and about what he told these men here at that time that were arresting Lewis Strickland; and I have a right to corroborate this witness here. He brought it out on cross-examination.' To which Mr. Conyers, counsel for defendant, replied: 'He can't corroborate this witness by the witness's own statements.' The court then remarked and ruled: 'I think there is so much in I will let the balance in.' Counsel for defendant

then said: 'I object to it as irrelevant and immaterial.' The court then said: 'I overrule the objection.'"

The court, at the request of counsel for the defendant, charged the jury as follows: "Evidence of good character may be taken into consideration by you not only in passing upon the guilt or innocence of the defendant, but also as to whether or not such character may of itself be sufficient to generate a doubt in the mind of the jury as to the guilt of the defendant." In the 12th ground it is alleged that the court erred in charging immediately thereafter as follows: "I charge you that character, even when it is shown to be good in a general way, is no evidence, or is not sufficient evidence to satisfy you beyond a reasonable doubt that a crime has not been committed. You take into consideration everything that has come to you as to character, and character is worth a great deal, but men against whom nothing in a general way can be said may possibly commit crime; but that is a question for you, and you get that from the evidence." It is alleged that this instruction "intimated not only an opinion by the court as to the probable value of the statement of the defendant, but also of the probable value of the evidence of the defendant's witnesses, . . and intimated that the onus was upon the defendant to prove his innocence beyond a reasonable doubt; which is error;" and that it appeared to have been given "purposely to destroy the legal effect of the request to charge, by defendant, as to his good character, and was hurtful to defendant."

*James B. Conyers, Ben J. Conyers,* for plaintiff in error.
*Watt H. Milner, solicitor,* contra.